## In re TILDEN.

### No. 20,776; January 19, 1891.

25 Pac. 687.

**Attorneys—Disbarment—Accusation of Larceny.**—Under Code of Civil Procedure, section 287, providing that an attorney may be disbarred for the reason, among others, that he has been convicted of a crime involving moral turpitude, the supreme court has no authority to proceed against a member of the bar upon a mere verified accusation of larceny, preferred by another attorney.[1]

Application to disbar an attorney.

Crittenden Thornton for petitioner; T. C. Coogan for respondent.

BEATTY, C. J.—This is a proceeding against an attorney and counselor of this court, for the purpose of causing his name to be stricken from the roll. It is founded upon a verified accusation, of which the following is a copy:

"Now comes Charles F. Hanlon, an attorney and counselor of this court, and brings this accusation against Charles L. Tilden, and for causes of accusation states that said Charles L. Tilden was at all the dates and times hereinafter mentioned, and now is, an attorney and counselor of this court; that heretofore, to wit, the fifth day of December, 1890, at the city and county of San Francisco, state of California, the said Charles L. Tilden did steal, take, and carry away from the office and possession of this accuser, and by force and arms, and without the consent of this accuser, a certain valuable paper and undertaking for the payment of money, that is to say, a certain undertaking of the firm of Tilden & Tilden, of which the said Charles L. Tilden is a member, for the payment unto said Charles F. Hanlon, as attorney for the plaintiffs in the action hereinafter men-

---

[1] Cited with approval in Ex parte Tyler, 107 Cal. 81, 40 Pac. 34, where it is held that an attorney offending in his individual capacity only is not subject to disbarment proceedings until after conviction for the offense.

Cited in Matter of Danford, 157 Cal. 428, 108 Pac. 323, holding disbarment not precluded in advance of termination of criminal prosecution for obtaining money under false pretenses.

tioned, for the sum of $150 to be paid as penalty costs upon the consent of said Charles F. Hanlon, as attorney for plaintiffs, to a continuance of the argument of a certain demurrer in an action then pending in the superior court of the city and county of San Francisco, state of California, in which William H. Carpenter, Harry S. Carpenter, and Thomas Carpenter were plaintiffs, and O. M. Schaff, M. L. Wilbert, William S. Arnold, and M. M. Donovan were defendants; 'that said Charles L. Tilden did so with the felonious intent to steal, take, and carry away from the office and possession of said plaintiffs' attorney the said paper and undertaking.

" 'CHARLES F. HANLON.' "

Upon the filing of this accusation, Mr. Tilden was cited to answer it, and in response to the citation he files an answer denying the truth of the charge, and at the same time objects to its legal sufficiency. His objection is well taken. The accusation is somewhat ambiguous, charging a larceny in terms, but describing the act in such manner as to leave it doubtful if anything more than a trespass is alleged. Assuming, however, that a larceny is charged, this court has no jurisdiction to try an accusation of that character, and it is not until after an attorney has been tried and convicted of a crime involving moral turpitude, and the record of his conviction produced here, that we are expressly empowered to remove or suspend him for that cause: Code Civ. Proc., sec. 287. But it is contended that in such matters this court must necessarily have an authority more extensive than the mere letter of the statute, and to enforce this view the case is supposed of an attorney notoriously guilty of an infamous crime, but acquitted of the charge through some scandalous miscarriage of justice. It is sufficient on this point to say that no such case is before us, and that it will be time enough to decide it when it arises. Even conceding that in the case supposed it might be our duty to proceed against an attorney in spite of his acquittal, we are very certain that it is no part of our duty to anticipate the action of the proper trial court where the attorney has not even been accused. Mr. Tilden's demurrer is sustained and the proceeding dismissed.

We concur: Paterson, J.; Garoutte, J.; De Haven, J.; Harrison, J.; Sharpstein, J.; McFarland, J.