[No. 21036.   In Bank.—March 14, 1894.]

IN THE MATTER OF THE DISBARMENT OF JOHN F.
BURRIS.

ATTORNEY AT LAW—VIOLATION OF OATH—FRAUD UPON CLIENT—DISBAR-
MENT.—An attorney at law who, as attorney for the administratrix of
the estate of a deceased person, has betrayed the confidence of his client,
and induced her by false representations and pretenses to deliver to him
money belonging to the estate, which he has appropriated to his own
use, and refused to pay over upon her demand, or upon order of the
probate court, is guilty of an inexcusable and flagrant violation of the
sworn duties of an attorney, and should be disbarred therefor.

ORIGINAL proceeding in the Supreme Court for the
disbarment of an attorney at law.

The facts are stated in the opinion of the court.

*R. B. Tappan,* Accusing Attorney.

*John F. Burris,* in *propria personæ.*

The COURT.—This is a proceeding based upon the
written and verified accusation of Mrs. Johanna Nelson,
in which she alleges certain misconduct of John F. Bur-
ris, and prays that he be removed from the office which
he has heretofore exercised of attorney and counselor
at law.   Answer was made by the respondent; the matter
was referred to a commissioner, to take and report the
evidence and findings of fact; and in due time he made
his report.

One of the specifications in the accusation is that re-
spondent procured the name of one Fred C. Smith to
be signed to a certain affidavit to a bond, so that it
falsely appeared that said Smith had appeared before a
certain notary public and qualified as a surety, whereas
he had never signed said affidavit or appeared before
said notary; and that the judge of the superior court
who approved the bond was thus fraudulently imposed
upon.   This averment is supported by the evidence and

findings, and the conduct of the respondent in that matter was reprehensible; but as Smith was really willing and ready to qualify as a surety on the bond, it is difficult to see what bad motive respondent could have had to insert his name in the affidavit, and it may possibly have been the result of mere carelessness.

But the other main charge in the accusation is of a most serious nature. Mrs. Nelson was administratrix of the estate of one David Johnson, deceased, and the respondent Burris was her attorney of record. A part of the estate of Johnson consisted of money deposited in a bank known as the San Francisco Savings Union; and the charge is that respondent secured possession of said money by false representations made by him to Mrs. Nelson; and that he kept said money, although he had represented to her that it was necessary to deposit it in another place. This charge is fully sustained by the evidence. The finding of the commissioner upon this point is as follows: "May 8, 1893, Burris procured from the savings bank the form of a receipt, which it was necessary for the administratrix to sign for the money, and took the same to Mrs. Nelson, telling her that it was necessary for him to draw the money from the bank and send it to the judge of Solano county, who would keep it for four months, when, if there was any thing left after paying the costs, she would get it. Confiding in these statements, Nelson signed the receipt and acknowledged the same before a notary. Respondent thereupon drew the money from the bank and retained it in his own possession. He did not intend to send the money to the judge, or the clerk, although he repeatedly assured Mrs. Nelson afterwards that he had done so." It is further found that, "such representations were made with the intention of deceiving Mrs. Nelson, and to induce her to consent that he should procure the money, and to enable him to retain it in his possession." In June, 1893, Mrs. Nelson discovered that the money had not been sent to the judge, and changed her attorney, and demanded the money from

CI. CAL.—40

respondent; but he refused to pay her the money, and still refuses, although the probate court has made an order requiring him to do so.

We think that this conduct on the part of respondent is an entirely inexcusable and most flagrant violation of the sworn duties of an attorney. He betrayed the confidence of his client; induced her by false representations and pretenses to consent to the wrongful appropriation to himself of trust funds which she held in a fiduciary capacity; and presuming upon her want of knowledge of her legal responsibilities, misled her, for his own gain, into a position embarrassing to her reputation. His claim is that he wanted the money to secure a bondsman, and for his own fees and expenses. He would have had no right, under any circumstances to have taken the money for that purpose; but for the duplicity and false statements by which he deceived his client there could, in the nature of things, be no excuse whatever.

Let judgment be entered, ordering and adjudging that the name of the respondent, John F. Burris, be, and hereby is, stricken from the roll of attorneys and counselors of this court, and that he be perpetually precluded from practicing as an attorney or counselor at law in all the courts of the state of California. This judgment shall take effect on April 2, 1894.

Rehearing denied.