[No. 20101. In Bank.—April 24, 1894.]

IN THE MATTER OF THE APPLICATION OF JAMES J. WYATT FOR DISBARMENT OF JOHN J. STEPHENS.

DISBARMENT OF ATTORNEY—FRAUD UPON CLIENT—CHARGE OF CRIMINAL OFFENSE.—Upon an application for the disbarment of an attorney by a former client, who accuses the attorney of fraudulently appropriating money, in so far as the allegations made tend to show that the accused attorney has been guilty of a criminal offense, the charge will not be investigated by the supreme court until after regular proceedings in the courts having jurisdiction of the offense.

ID.—REMEDY BY CIVIL ACTION—PRIVATE INJURY.—Where the accuser has a right to recover in a civil action the money of which he claims to have been defrauded, this court will decline to investigate such a charge by a party complaining merely of a private injury, until such party has shown his good faith by first resorting to regular proceedings in the ordinary tribunals.

APPLICATION in the Supreme Court for disbarment of an attorney at law.

The facts are stated in the opinion of the court.

*John J. Stephens, in propria persona.*

BEATTY, C. J.—This is a proceeding for the disbarment of an attorney who is accused by a former client of fraudulently appropriating money collected for the latter.

It is alleged, in substance, that Wyatt having a claim for damages, on account of personal injuries, against a railway company, entered into an agreement with Stephens (and other attorneys who are exonerated from all

blame in the matter), by which he was empowered to make a settlement of said claim on such terms as he and his associates might consider reasonable, they, the attorneys, to retain as compensation for their services one-half of the amount collected; that in pursuance of said agreement Stephens settled the claim for five hundred dollars, which sum he received from the corporation on the ninth day of February, 1894; that he represented to Wyatt that he had settled for three hundred dollars and paid him only one hundred and twenty-five dollars, promising, but failing, to pay him the balance of twenty-five dollars; that he afterwards paid to his associates one hundred dollars, retaining for himself two hundred and seventy-five dollars; that his statements in regard to the settlement were willfully false, and made for the purpose of defrauding, etc.

So far as these allegations tend to show that the accused attorney has been guilty of a criminal offense, the charge here falls within the rule announced in the case of Tilden, reported in the 25 Pac. Rep. 687, in which we distinctly announced that we would not investigate such charges until after regular proceedings in the courts having jurisdiction of the offense.

The present case presents even stronger objections to the proceedings which we are asked to institute. If the facts alleged are true the accuser has an undoubted right to recover in a civil action, by the verdict of a jury, the money of which he claims to have been defrauded. But without making any attempt to establish his right, or the guilt of the accused, in the ordinary tribunals, by either criminal or civil process, he asks this court to lay aside the important and pressing business, with which every moment of its time is fully occupied, in order to investigate, in the first instance, a charge which may be tried and determined in the courts of the country. We should feel entirely justified in refusing to accede to such a demand, even if the pressure of more imperative engagements did not render it necessary. When an accusation of this kind is preferred, not by a bar asso-

ciation, or any responsible public officer charged with the conservation of the public interest, but merely by a party complaining of a private injury, we must decline to investigate it until such party has shown his good faith by first resorting to regular proceedings in the ordinary tribunals.

In the recent case of Burris (101 Cal. 624), the charge was not filed here until after investigation in the probate court, and refusal to pay over the money in .controversy. In other cases the accusation has either been made by a representative and *quasi* public body—such as the bar association—or the charge has been of the breach of some obligation resting upon attorneys alone, as distinguished from ordinary breaches of duty.

It ought, perhaps, to be stated, in view of the publicity given to this matter, that Mr. Stephens has voluntarily appeared without a citation and requested a speedy investigation. We cannot, however, consent to depart from the rule above announced, which, as we have said, is necessary to enable us to attend to the business before us.

The charge is dismissed.

PATERSON, J., HARRISON, J., DE HAVEN, J., FITZGERALD, J., and McFARLAND, J., concurred.