[No. 21176. In Bank.—April 5, 1895.]

## EX PARTE GEORGE W. TYLER, ON HABEAS CORPUS.

ATTORNEY AT LAW—VIOLATION OF DUTY—DISBARMENT—RES ADJUDICATA. A judgment of the supreme court that an attorney has been guilty of a violation of his duty as attorney and counselor, and of his oath of office as such, is a judicial determination of that fact, by reason of which the court is estopped from subsequently investigating the sufficiency or legal effect of the proofs to establish the charge; and a subsequent denial of a motion to modify the judgment is also a conclusive determination that the court did not exceed its authority in rendering the judgment.

ID.—RELATION OF OFFENSE TO OFFICE OF ATTORNEY—PREVIOUS CONVICTION, WHEN AND WHEN NOT NECESSARY—POWER OF COURT—DISCRETION.—When an attorney has violated the laws of the state in a matter distinct from his professional conduct, and not by virtue of his office as an attorney, courts will not entertain any proceedings for his disbarment until after he has been convicted of the offense charged; but when he is charged with violation of his professional obligations, either to his client or to the court, it is no defense to a proceeding for his suspension or disbarment that the same transactions may render him liable to a criminal prosecution, and the court has power to strike his name from the roll of attorneys, and this power is not suspended until after his previous conviction of crime, although the court may in its discretion withhold the exercise of the power, as the facts of any particular case may suggest would be appropriate.

ID.—CONSTRUCTION OF CODE.—Under subdivision 1 of section 287 of the Code of Civil Procedure the conviction of an attorney of felony or misdemeanor involving moral turpitude is ground for his disbarment, whether such offense was committed in his private capacity or by virtue of his professional relation; but there is no limitation upon the power of the court for the removal or suspension of an attorney who has been guilty of any violation of the oath taken by him, or of his duties as an attorney under subdivision 2 of section 287, and it is immaterial whether evidence offered in support of charges under said second subdivision would have sustained an indictment or not.

ID.—STATUTE OF LIMITATIONS—VIOLATION OF PROFESSIONAL DUTIES—BAR OF CIVIL OR CRIMINAL PROCEEDING IMMATERIAL.—The court being authorized to entertain charges against an attorney of violating his pro-

fessional duties, irrespective of any civil or criminal proceedings against him, the bar of the statute of limitations against a civil or criminal pro- ceeding is an immaterial element.

ID.—EFFECT OF STATUTE OF LIMITATIONS—JURISDICTION OF COURT.—The statute of limitations never deprives a court of jurisdiction, even in cases where it is a defense to the action or proceeding.

HEARING in the Supreme Court upon writ of habeas corpus to the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*George W. Tyler*, in *pro. per.*

THE COURT.—By the judgment of this court, made December 3, 1886, the petitioner was suspended from the right to practice law for the period of two years, and until the payment of a certain judgment against him in favor of J. M. Hogan. (*In re Tyler*, 71 Cal. 353.) A motion made by him in 1889 for a modification of this judgment was denied. (*In re Tyler*, 78 Cal 307; 12 Am. St. Rep. 55.) In October, 1894, the petitioner appeared in the superior court of Alameda county, Hon. John Ellsworth presiding, for the purpose of making a motion in a cause pending in said court, and was in- formed by the judge that he would not be permitted to make said motion or practice law in said court as an attorney until he should exhibit satisfactory proof that he had paid, or caused to be paid, the aforesaid judg- ment in favor of Hogan. The petitioner, however, insisted that he had a right to practice law and appear as an attorney in said court without making such proof, and thereupon, without leave of the court and in con- tempt of its authority, made a motion in said cause for which he was adjudged by the said court guilty of con- tempt, and was sentenced to pay a fine, and in default thereof to be imprisoned until the same was paid or was satisfied at the rate of one dollar per day. Petitioner, having been taken in custody by the sheriff under a warrant of commitment issued upon this order, has sued out the present writ of habeas corpus.

The former judgment of this court that the petitioner had been "guilty of a violation of his duty as attorney and counselor, and of his oath of office as such," is a judicial determination of that fact, by reason of which this court is estopped from any investigation of the sufficiency of the proofs to establish the charge, or of the legal effect of those proofs; and the subsequent denial of the petitioner's motion for a modification of this judgment was a determination that the court did not exceed its authority in rendering judgment, and is equally an estoppel against its re-examination.

It is, however, contended by the petitioner in support of his application that this court never had any jurisdiction to entertain the proceedings for his disbarment, and that the judgment therein for his suspension from practice is for that reason not entitled to any consideration. If the petitioner is correct in this proposition, his further contention that the order of the superior court committing him for contempt for his disregard of that judgment is also correct. Having been once admitted to practice law in all the courts of this state a court could not adjudge him guilty of contempt for the mere act of practicing law in its presence. The grounds urged by the petitioner in support of this contention are that the transactions which were alleged in support of the charges against him constituted felonies, viz., embezzlement and subornation of perjury; that he could not be convicted of these offenses, except by the verdict of a jury; that this court could not entertain a motion for his disbarment on account of these transactions until after such conviction had been had; that at the time the proceedings for his disbarment were instituted his conviction for the offenses had been barred by the statute of limitations; and that, as no conviction could be had therefor, this court had no jurisdiction to hear the charges.

It has been held in many cases, and the rule is perhaps sustained by the weight of authority, that when an attorney has violated the laws of the state in a matter

distinct from his professional conduct, when the act or offense is committed in his private capacity, and not by virtue of his office as an attorney, courts will not entertain any proceedings for his disbarment until after he shall have been convicted of the offense charged. In *Tilden's case* (Cal., Jan. 19, 1891), 25 Pac. Rep. 687, the charge against him was of an act wholly disconnected with his oath or duty as an attorney, nor was the act alleged to have been committed in the discharge of any professional relation; and we held that, as we had no jurisdiction to try him for the offense charged, we would not entertain a motion to suspend or remove him for the commission of the offense until after his conviction, and that we would not anticipate his trial for the offense by taking proceedings for his disbarment. Whether in such a case the court would, under any circumstances, entertain a motion for disbarment when no conviction had been had, was left an open question, and is not involved in the present case. (See, however, Weeks on Attorneys, sec. 80; *State* v. *Winton*, 11 Or. 456; 50 Am. Rep. 486; *Ex parte Wall*, 107 U. S. 265.) The case last cited shows that the petitioner's objection that he was deprived of his office as attorney " without due process of law" is untenable. (See, also, to the same effect, *Hallinger* v. *Davis*, 146 U. S. 314.)

If, however, an attorney is charged with a violation of his professional obligations, either to his client or to the court, or with professional delinquency in matters pertaining peculiarly to the relations between him and his client, it is no defense to a proceeding for his suspension or disbarment that the same transactions may render him liable to a criminal prosecution. The court is authorized to strike him from its roll of attorneys, notwithstanding the same cause may form a basis for an indictment. Its power in this respect is not suspended until after his conviction, although the court may in its discretion withhold the exercise of this power, as the facts of any particular case may suggest would be appropriate. Upon this proposition it was said in

*In re Treadwell,* 67 Cal. 358: "In the exercise of this power the court deals with the attorney only as an officer of the court in investigating charges against him for the purpose of determining whether, under the proofs, he is a fit person to be allowed to continue to practice as an attorney and counselor in the courts under the license which has been granted to him, and not for the purpose of judging whether he is guilty of the commission of a crime for which he ought to be convicted and punished. That can only be done in a criminal court of competent jurisdiction by due process of criminal law. Previous conviction of a crime is not necessary to a proceeding to disbar an attorney. If an attorney be found by a court guilty of acts indicating professional moral depravity the court can, without previous conviction of a criminal offense, prevent the repetition of such official acts by taking away the license under which they have been committed." In *In re Stephens,* 102 Cal. 264, we held that we would not entertain a charge against an attorney at the instance of a client who claimed that he had failed to pay over certain moneys that had been collected until the client had first established his claim against the attorney.

The provisions in the Code of Civil Procedure for the disbarment of an attorney are based upon these principles. Subdivision 1 of section 287 renders his conviction of a felony or misdemeanor involving moral turpitude a ground for his disbarment, whether such offense was committed in his private capacity or by virtue of his professional relation. The provisions of the two succeeding sections, that the clerk of the court in which such conviction is had shall transmit a copy of the record to the supreme court, and that upon the receipt thereof proceedings must be taken for his removal, leave this court no alternative under section 299 to striking his name from the roll of attorneys. Subdivision 2 of section 287 authorizes the court to take action for the removal or suspension of an attorney whenever he is shown to have been guilty of "any vio-

lation of the oath taken by him, or of his duties as such attorney." There is no limitation upon the power of the court to entertain a motion under this subdivision for the removal or suspension of an attorney, nor is it required to defer its action until after the conviction of the attorney of a charge which might be sustained by the same evidence.

An examination of the proceedings under which the petitioner was suspended, and also of the opinion of the court rendered therein, shows that the charges against him were brought under subdivision 2 of section 287. There was no accusation that he had been convicted of any offense, nor was it sought to convict him of any offense. The charges against him were of the violation of his duties as attorney and counselor, and of unprofessional conduct. Whether the evidence offered in support of these charges would have sustained an indictment or not was immaterial, nor was this question considered by the court. The court found that the evidence was sufficient to sustain the charges, and under subdivision 2 of section 287 its jurisdiction to entertain the charges and to render the judgment it pronounced must be regarded as unquestioned.

The same principles which authorize the court to entertain charges against an attorney of violating his professional duties, irrespective of any civil or criminal proceedings against him, render the bar of the statute of limitations against a civil or criminal proceeding an immaterial element. The statute of limitations never deprives a court of jurisdiction, even in cases where it is a defense to the action or proceeding.

The writ is discharged and the petitioner remanded to the custody of the sheriff.