(November 26, 1895.)

In re TIPTON.

[42 Pac. 504.]

Procedure—Disbarment.—Where a crime indictable under the statute is charged against an attorney of this court, in disbarment proceedings, the court will not proceed therein until proceedings have been taken in the district court, or until sufficient time has elapsed to afford the proper authorities opportunity to prosecute the accused in that court.

(Syllabus by the court.)

Original proceeding in Supreme Court.

No brief filed.

MORGAN, C. J.—The court has carefully considered the accusation against S. L. Tipton, Esq., one of the attorneys of this court, and finds that the charge is a direct, unequivocal charge that the respondent accepted and received a bribe while he was the regularly qualified and acting city attorney of Boise City; that it was given to him to influence his action, as such attorney, in favor of the parties giving it. These specifications charge a felony, for the commission of which the party committing it may be indicted by the grand jury and tried in the district court. If this court acts upon this matter now, we must appoint a committee to take testimony and report to his court, in order to ascertain the facts in a legal way. If we then act upon the facts as reported, we must either find the respondent guilty, or not guilty, as charged. In either case we should prejudice very much the cause of the respondent, either for or against him, before a trial jury. It is apparent, also, that if the respondent should be indicted, tried and either convicted or acquitted in the district court, he would be entitled to an appeal to this court, for a review of the case. If then this court had already given an opinion therein, it would disqualify it from entertaining the appeal or properly considering it, and thus the respondent would be deprived of a right granted by the statute and guaranteed by the constitution. We think, therefore, that we must at least defer action in the case until the district court or the grand jury have had an opportunity to act in the matter. We do not say that a case might not arise when this court would feel called upon to act upon charges of this kind, even though the respondent had been acquitted by a trial jury; but it is evident, both upon reason and authority, that the time for the consideration of these charges by this court has not arrived. (See *In re Tilden* (Cal.), 25 Pac. 687; *In re Wyatt*, 102 Cal. 264, 36 Pac. 586; *Ex parte Tyler*, 107 Cal. 78, 40 Pac. 33, and cases there cited.) The action of this court is suspended.

Sullivan and Huston, JJ., concur.