It must be borne in mind that no misjoinder of causes of action or parties defendant is here involved; but the single question presents itself, Does this complaint state any cause of action, however defective, of which a court of equity should take cognizance? Without passing upon the sufficiency of other causes of action attempted to be set out, we think the complaint sufficient to support a judgment canceling and setting aside the certificate of redemption issued to defendant Bardue. There is an allegation that this realty was never redeemed by anybody from the sale made by the sheriff to plaintiff's grantor, and we find a further allegation that defendant was not the successor in interest of the judgment debtor, and not entitled to redeem. Under such circumstances, the plaintiff, standing in the shoes of the purchaser at the sale, is entitled to have the certificate of redemption issued to defendant canceled and annulled. It is claimed by defendant Bardue that plaintiff ratified the redemption by accepting the redemption money. We find nothing in the complaint showing any ratification or estoppel which could be urged against plaintiff as to any matter of redemption. For the foregoing reasons, the judgment is reversed and the cause remanded.

---

## In re THOMPSON.

### Crim. No. 170; August 4, 1896.

#### 45 Pac. 1034.

**Attorney—Proceeding to Remove—Appeal.**—An appeal by the accuser in a proceeding to remove one from his office of attorney and counselor is not contemplated by the law, and will therefore be dismissed.[1]

APPEAL from Superior Court, Sonoma County.

Proceeding to remove R. K. Thompson from the office of attorney and counselor at law. The proceedings were dismissed on objection to the sufficiency of the accusation, and R. B. Tappan, the accuser, appeals. Dismissed.

---

[1] Cited and followed in Matter of Danford, 157 Cal. 431, 108 Pac. 325, where this point was raised along with a number of others.

M. W. Simpson for appellant; H. C. Gesford for respondent.

PER CURIAM.—Motion to dismiss appeal granted, upon the ground that an appeal by the accuser in such a proceeding is not contemplated by law.

---

## PEOPLE v. McDONALD.

### Crim. No. 167; August 18, 1896.

#### 45 Pac. 1005.

**Robbery—Sufficiency of Evidence.—On a Trial for robbery,** the testimony showed that defendant and a confederate, late at night, found the prosecuting witness intoxicated in a saloon; that, under the pretext of escorting him to his hotel, they took him along the street till they came to a blind alley; that, while one of them choked the witness, the other rifled his pockets; that they had been seen by an officer to enter the alley, and, when he came upon them, defendant was stooping over the witness, and his confederate was standing near by; that a small amount of coin was found on the confederate, and a spectacle case belonging to the witness was found near where the confederate was standing. The accomplices claimed that the witness was their friend and shipmate, and that they were taking him home, but in fact they were strangers to the witness. Held, that a verdict of guilty was sustained by the evidence.

APPEAL from Superior Court, City and County of San Francisco.

Michael McDonald was convicted of robbery and from the judgment of conviction and an order denying him a new trial he appeals. Affirmed.

Geo. Hayford for appellant; Attorney General Fitzgerald for the people.

VAN FLEET, J.—Defendant appeals from a judgment of the superior court of the city and county of San Francisco, convicting him of robbery, and from an order denying him a new trial. The single contention upon which a reversal is asked is that the verdict is not sustained by the evidence. The contention is untenable. The evidence of the