114  367
s130 486

[Crim. No. 147.    In Bank.—September 23, 1896.]

## IN THE MATTER OF THE DISBARMENT OF Z. F. WHARTON.

ATTORNEY— DISBARMENT—FRAUDULENT AFFIDAVITS—APPEAL—CONFLICT-
ING EVIDENCE.—An attorney found guilty of exhibiting to the court
false and fraudulent affidavits of service of summons, and inducing the
court to accept such affidavits as genuine, is properly disbarred by the
superior court; and where the evidence is conflicting, and the findings
of the court have support in the evidence, such findings will not be dis-
turbed upon appeal.

ID.—CHARGE AMOUNTING TO FELONY.—The fact that the charge made
against an attorney of the violation of his obligations involves also a
charge amounting to a felony does not preclude a proceeding for disbar-
ment, nor require that recourse should first be had to the criminal
courts.

ID.—JURY TRIAL—CONSTITUTIONAL LAW.—Section 297 of the Code of
Civil Procedure, which provides for the trial of a disbarment proceed-
ing by the court, is constitutional; and the accused attorney is not enti-
tled to a trial by jury.

APPEAL from a judgment of the Superior Court of
Sacramento County.    A. P. CATLIN, Judge.

The facts are stated in the opinion of the court.

*J. H. Leggett, E. C. Hart,* and *W. H. Layson,* for Ap-
pellant.

If the charges against appellant are true, they consti-
tute a felony and should be disposed of before disbar-
ment proceedings will be entertained.    (*In re Tilden*
(Cal.), 25 Pac. Rep. 687; *In re. Stephens,* 102. Cal. 264.)
If there is any evidence justifying disbarment, it should
be for a limited time, as the evidence is conflicting.
Wharton should have the benefit of conflicting evidence.
(*In re Stephens,* 84 Cal. 77; *In re Luce,* 83 Cal. 304.)
Preponderance is not enough.    (*In re Buckley,* 69
Cal. 13.)

*S. Solon Holl, W. P. Harlow,* and *Clinton L. White,* for
Respondent.

This court did not decide, either in *In re Tilden,* 25
Pac. Rep. 687, in *In re Stephens,* 102 Cal. 264, or in any

other case, that the prosecution of felony charges against accused is a prerequisite to disbarment proceedings. (*In re Burris,* 101 Cal. 624.) As the evidence is conflicting, the finding of the lower court will not be disturbed. There is no constitutional or common-law right to trial by jury in disbarment cases. The statute provides for trial by the court. (Code Civ. Proc., sec. 247.)

GAROUTTE, J.—This appellant, an attorney at law, was charged by accusation before the superior court of the county of Sacramento with violating his obligations as an attorney, and after issue joined, upon a hearing, he was found guilty of the charges filed against him, and his license as a practicing attorney revoked. An appeal to this court being accorded by section 287 of the Code of Civil Procedure, the matter is now here for consideration.

The main charges against Wharton, as indicated by the accusation, may be briefly and substantially stated as follows:

"1. As attorney for plaintiff in the divorce action of *Hoxie* v. *Hoxie,* commenced in the superior court of the county of Sacramento, Wharton, in violation of his oath and duty as an attorney and to mislead the court, exhibited to the court and filed as genuine a false and fraudulent affidavit of service of summons, to which the name of one Peter Stortz was attached; that the defendant Hoxie had not been a resident of Sacramento county for more than two years, and was not in the county, and personal service of the summons could not be made on him in that county, and his whereabouts was unknown, all of which was well known to said Wharton. In fact, the summons was never served on Hoxie, either by personal service or by publication, nor did he ever appear in the action. Wharton obtained Stortz' signature by leading the latter to believe he was signing a receipt, and then upon the false affidavit procured the default of Hoxie to be entered, induced the court to accept the

affidavit as genuine, had the case tried and a decree rendered in favor of plaintiff, purporting to dissolve the marriage between plaintiff and defendant."

"2. The accusation further shows that in 1895 Wharton, acting as his own attorney, filed in court a complaint in which he, as plaintiff, sought a decree of divorce from his wife, Hattie Wharton. He returned the summons in this case with a false and fraudulent affidavit of service attached to it, also signed by Peter Stortz, the latter being led to believe by Wharton that he was signing his name as a witness to a will. Upon this fraudulent affidavit Wharton caused the default of his wife to be entered in the action, the same as if she had been served with the summons and had failed to appear within the time allowed by law. He also induced the court to accept the fraudulent affidavit as genuine, and he called the case for trial the same as if the defendant in the case had been regularly served with summons and copy of the complaint and had made default."

The trial court found both of these charges made out by the evidence beyond a reasonable doubt; and that these acts of the accused are amply sufficient to demand his discontinuance of the practice of the law there is no doubt.

The accused has brought the evidence of the trial here in bulk, and, after a careful perusal of it, we are entirely satisfied that the findings of the court are fully supported therein. The general reputation of the accused, and also that of the principal witness against him, were largely involved in the investigation. Again, the evidence upon various branches of the case was contradictory, and for this reason, as to the facts, the case was pre-eminently one for the trial judge, whose conclusions we would not readily disturb.

It is further insisted that the accusation filed against the accused contains a charge amounting to felony, and that recourse should first be had to the criminal courts for a trial of that charge before this proceeding could

be inaugurated. There is nothing in this contention. For a full consideration of this identical question we refer to *Ex parte Tyler*, 107 Cal. 78. Neither is the accused entitled to a trial by jury. The statute (Code Civ. Proc., sec. 297) provides for a trial by the court, and the constitutionality of that section is beyond question. There are a few other matters urged by the appellant why this judgment should be reversed, but, after careful consideration, we consider them of minor importance, and wholly insufficient as grounds for a retrial of the cause.

Judgment affirmed.

HARRISON, J., HENSHAW, J., McFARLAND, J., and TEMPLE, J., concurred.

Rehearing denied.