## In re DELMAS.

### Cr. No. 1015; April 9, 1903.

#### 72 Pac. 402.

**Attorneys—Disbarment.**—Since the Superior Court has Concurrent Jurisdiction with the supreme court to disbar attorneys, an original application for disbarment will not be entertained by the supreme court unless the proceeding is instituted or supported by a

bar association, or the misconduct is alleged to have direct connection with matters pending in the supreme court.[1]

Attorneys—Disbarment.—An Application for the Disbarment of an attorney on the ground that he had deprived prosecutor of certain money by fraud will not be entertained by the supreme court until prosecutor had established his cause of action against the attorney in the ordinary tribunals of the county in which the cause of action accrued by either criminal or civil process.

Application by H. W. Hutton for the disbarment of D. M. Delmas. Dismissed.

H. W. Hutton in.pro. per.; D. M. Delmas pro se.

BEATTY, C. J.—An accusation in writing, entitled as above, has been filed here by H. W. Hutton, upon which he prays that a citation may issue to Mr. Delmas, requiring him to answer certain charges therein contained. Without waiting for the issuance of a citation, Mr. Delmas has voluntarily appeared, filed a denial of the charges, and has requested an immediate hearing thereon. The court, however, must decline to proceed in the matter. For a long time, and in a number of cases, we have refused to entertain proceedings to disbar attorneys for alleged professional misconduct, unless the proceeding was instituted or supported by a bar association, or the misconduct was alleged to have direct connection with matters pending in this court. This course is sufficiently justified by the fact that the superior courts—which have a concurrent jurisdiction in proceedings to disbar attorneys—have time to spare for the necessary investigation, while the time of this court is more than exhausted in the effort to dispose of matters which cannot be litigated elsewhere. It is also a weighty consideration that the convenience of witnesses requires that the issues of fact involved in any proceeding should be tried in local tribunals, rather than in a court which sits in only one place in a state, and it is no reason for departing from this practice that in a particular instance the state court happens to be located in the county to which the proceeding properly belongs; or, to put the proposition in its concrete form, the fact that

[1] Cited in Matter of Danford, 157 Cal. 429, 108 Pac. 324, where it is distinguished from a case in which, although the prosecution was also at suit of a private individual, it was brought before a lower court, the supreme court not being asked to take original jurisdiction.

the supreme court of this state sits in San Francisco is no reason why it should take cognizance of a proceeding which, if the controversy had originated in another county, would have gone naturally and properly, and upon considerations of convenience, to the superior court of that county. For these reasons it is the invariable practice of this court in the case of applications for writs of certiorari, mandamus, prohibition, procedendo, or any prerogative writ, where there is a concurrent jurisdiction in the superior court, to require the petitioner to allege and satisfactorily establish the facts which render it proper and necessary that the writ should issue originally from this court: Rule 26. Proceedings to disbar attorneys, although not within the express terms of this rule, are clearly within its reason, and, as above stated, they have been disposed of accordingly.

Another reason why this accusation should not be entertained in this court, or in any court, as the matter now stands, is found in principle decided in the Tilden case, 3 Cal. Unrep. 383, 25 Pac. 687, and the Stephens case, 102 Cal. 264, 36 Pac. 586. In the latter case, speaking of the charges against Stephens, we said: ''So far as these allegations tend to show that the accused attorney has been guilty of a criminal offense, the charge here falls within the rule announced in the case of Tilden, 3 Cal. Unrep. 383, 25 Pac. 687, in which we distinctly announced that we would not investigate such charges until after regular proceedings in the courts having jurisdiction of the offense. The present case presents even stronger objections to the proceedings which we are asked to institute. If the facts alleged are true, the accuser has an undoubted right to recover in a civil action, by the verdict of a jury, the money of which he claims to have been defrauded. But without making any attempt to establish his right, or the guilt of the accused, in the ordinary tribunals, by either criminal or civil process, he asks this court to lay aside the important and pressing business with which every moment of its time is fully occupied, in order to investigate, in the first instance, a charge which may be tried and determined in the courts of the country. We should feel entirely justified in refusing to accede to such a demand even if the pressure of more imperative engagements did not render it necessary. When an accusation of this kind is preferred, not by a bar association,

or any responsible public officer charged with the conservation of the public interests, but merely by a party complaining of a private injury, we must decline to investigate it until such party has shown his good faith by first resorting to regular proceedings in the ordinary tribunals.'' The above language is strictly applicable to the present charges, which, whether criminal in their nature or merely importing a civil liability, are properly triable in the usual method, and in the ordinary tribunals.

The proceeding is dismissed.

We concur: Van Dyke, J.; Shaw, J.; Angellotti, J.; Henshaw, J.; Lorigan, J.