[Crim. No. 1553. In Bank.—March 28, 1910.]

# In the Matter of Proceedings for Disbarment of WILLIAM J. DANFORD, Appellant. CATHERINE E. SMITH, Accuser, Respondent.

ATTORNEY AND CLIENT—ACCUSATION FOR DISBARMENT—CASE IN FEDERAL COURT—MONEY FRAUDULENTLY OBTAINED.—An accusation by a client for disbarment of an attorney, charging that by means of false representations that he was entitled to practice in the district court of the United States in which an action was pending against the accuser in which he would represent the accuser as his client, whereby she was induced to pay him large sums of money, on his representation and promise that he would cause the action against her to be wiped out and discontinued, without any power to do so, states a sufficient ground for disbarment for violation of the oath and professional duties of the attorney.

ID.—CRIME OF OBTAINING MONEY UNDER FALSE PRETENSES.—Although the accusation for disbarment for professional misconduct also states facts for which the crime of obtaining money under false pretenses might be punished, yet the proceeding for disbarment on the ground assigned is not thereby precluded, in advance of the termination of a criminal prosecution for such offense.

ID.—JURISDICTION OF DISBARMENT PROCEEDINGS—CRIMINAL MISCONDUCT.—The fact that the misconduct charged against an attorney as a ground of disbarment may also render him liable to indictment and punishment for crime, does not necessarily deprive the court of power to hear disbarment proceedings against him. It is only when disbarment is sought upon the mere ground that the accused has been guilty of a public offense involving moral turpitude, that a case for disbarment cannot be made until there has been a conviction for the offense. But an attorney may be disbarred for a violation of his professional duties, on any ground coming within the terms of subdivisions 2, 3, or 4 of section 287 of the Code of Civil Procedure, notwithstanding the fact that the charge against him might also be made the basis of an indictment or information.

ID.—RULE IN THIS COURT INAPPLICABLE TO PROCEEDINGS IN SUPERIOR COURT FOR DISBARMENT—AID OF BAR ASSOCIATION.—The rule declared in proceedings for disbarment instituted in this court by private parties that they will not be entertained at suit of a private individual, who has a remedy for his alleged grievance by an ordinary civil or criminal proceeding, does not apply to an accusation for disbarment in the superior court for professional misconduct, which also has the support and representation of the local bar association in its prosecution.

ID.—DUTY OF ATTORNEY TO CLIENT—UTMOST GOOD FAITH.—The relation between an attorney and client is a fiduciary relation of the

very highest character, and binds the attorney to the most conscientious fidelity. It precludes the attorney from obtaining any personal advantage by abusing the confidence reposed in him by his client.

ID.—BREACH OF PROFESSIONAL DUTY AVERRED.—The allegation that the accused, by means of misrepresentation, induced his client to pay him a large sum for services which he was not, and knew that he was not, in a position to perform, shows a plain breach of the obligation of fidelity imposed upon him by the law, and by the employment which he accepted.

ID.—SUPPORT OF FINDING OF GUILT—CONFLICTING EVIDENCE.—Where the testimony of the accused and of her witnesses support every material allegation of the complaint for disbarment, the general finding of his guilt of professional misconduct must be sustained, notwithstanding any conflicting evidence to the contrary.

ID.—SPECIAL FINDINGS AND CONCLUSIONS OF LAW NOT REQUIRED IN DISBARMENT PROCEEDINGS.—There is no provision of the statute applicable to disbarment proceedings, which requires special findings and conclusions of law therein. Such proceedings are peculiar to themselves, and governed exclusively by the code sections specifically covering them. The procedure is in almost all respects dissimilar to that provided for civil actions, and, as it makes no mention of findings, there is no reason for holding that the legislature intended to import the need of findings into it.

ID.—MOTION TO VACATE JUDGMENT FOR ALIENAGE OF JUDGE—JUDGMENT-ROLL—PROCEEDINGS NOT AUTHENTICATED—BILL OF EXCEPTIONS.— Proceedings had upon a motion to vacate the judgment for alleged alienage of the judge who tried the case are no part of the judgment-roll, and where they are merely printed in the transcript without being authenticated in a bill of exceptions, including the papers used on the motion and the ruling of the court, they cannot be considered.

ID.—MOTION WITHOUT MERIT—DE FACTO OFFICER—OFFICIAL ACTS NOT COLLATERALLY ASSAILABLE.—The motion to vacate the judgment for alleged alienage of the judge who tried the case is without merit. If the judge were in fact an alien, and ineligible to the office, that made him none the less a *de facto* officer. His right to hold the office could be questioned only in proceedings regularly instituted for that purpose, and it could not be attacked collaterally by motion to set aside his official acts.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Wm. J. Danford, Appellant, *in pro. per.*

John C. North, and Henry J. Stevens, for Respondent.

SLOSS, J.—Upon an accusation purporting to charge William J. Danford, an attorney at law, with a violation of his professional duties, a hearing was had in the superior court of Los Angeles County, and that court gave judgment depriving the accused of the right to practice as attorney or counselor in the courts of the state of California. This is an appeal by Danford from the judgment and from an order denying his motion for new trial.

The first point made is that the accusation fails to state facts justifying disbarment, and that, therefore, appellant's demurrer should have been sustained. The accuser, Catherine E. Smith, alleged, in effect, that on May 1, 1908, Danford was an attorney at law, entitled to practice before the superior court of Los Angeles County; and held himself out to the public as an attorney at law. Said Catherine E. Smith consulted him relative to her defense in a certain case then pending in the district court of the United States for the southern district of California, entitled *The United States of America* v. *Mrs. C. E. Smith*. It was alleged that Danford then and there falsely, fraudulently, and unlawfully represented and stated to said accuser that he could and was authorized to practice in the said district court of the United States, and could and was able to represent her as her attorney in said action in said court. At the same time he requested her to pay him the sum of five hundred dollars for services to be rendered by him as her attorney in defending said action in said court, and she paid said sum, believing and relying upon his statements and representations. In fact, Danford was not authorized to or admitted to practice as an attorney at law in the United States district court, and could not represent or appear for Mrs. Smith as her attorney in said action or before said court, and, as is averred, his representations in this regard were false, were known by him to be false, and were made with the intention of misleading and deceiving the accuser and inducing her to pay to the accused the said sum of five hundred dollars. In June, 1908, it is alleged, Danford obtained from Mrs. Smith the further sum of twenty-five hundred dollars, upon the representations, made with knowledge of their falsity, that he could and would represent her in said action, and that

if she would pay him the said twenty-five hundred dollars, he would cause said action against her in the district court to be "wiped out," discontinued, and disposed of.

It is argued that the complaint charges a public offense and that an application for disbarment, in advance of the termination of a criminal prosecution for such offense, should not have been entertained. The fact that the misconduct charged against an attorney at law may also render him liable to indictment and punishment under the criminal law does not necessarily deprive the court of power to hear disbarment proceedings against him. Section 287 of the Code of Civil Procedure authorizes the suspension or removal of an attorney for various causes, including: "1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction shall be conclusive evidence; 2. . . . any violation of the oath taken by him, or of his duties as such attorney and counselor." Where disbarment is sought upon the mere ground that the accused has been guilty of a public offense involving moral turpitude, but not necessarily connected with the practice of his profession, it has very properly been held that a case for disbarment is not made until there has been a conviction of the offense. (*In re Tilden*, (Cal.) 25 Pac. 687.) In the Tilden case the charge was that the accused had committed larceny, but it was not alleged that the act had been done in the discharge of any professional relation. There was no attempt to show a ground arising under any part of section 287 other than subdivision 1. Under that subdivision, a conviction was essential. But, as pointed out in later cases, an attorney may be disbarred for a violation of his professional duties, i. e., for any ground coming within the terms of subdivisions 2, 3, or 4 of section 287, notwithstanding the fact that the charge against him might also be made the basis of an indictment or information. (*Ex parte Tyler*, 107 Cal. 78, [40 Pac. 33]; *In re Wharton*, 114 Cal. 367, [55 Am. St. Rep. 72, 46 Pac. 172]; see, also, *In re Treadwell*, 67 Cal. 358, [7 Pac. 724]; *Ex parte Wall*, 107 U. S. 265, [2 Sup. Ct. 569].) "If . . . " says this court in *Ex parte Tyler*, "an attorney is charged with a violation of his professional obligations, either to his client or to the court, or with professional delinquency in matters pertaining peculiarly to the relations between him and his client, it is no de-

fense to a proceeding for his suspension or disbarment that the same transactions may render him liable to a criminal prosecution." *In re Delmas,* (Cal.) 72 Pac. 402, is not to be taken as laying down a different rule. The refusal of the court to proceed in that case was based primarily upon the ground that the supreme court would not entertain an original proceeding for disbarment in the absence of a showing of good reasons for the failure to first resort to the superior court, which is vested with concurrent jurisdiction in this class of cases. The opinion declares, further, that an application for disbarment preferred by a private individual who has a remedy for his alleged grievance by ordinary civil or criminal process, will not be considered. (*In re Stephens,* 102 Cal. 264, [36 Pac. 586].) We do not understand that this rule was intended to be applied to the superior courts, as well as to this court. At any rate, it was limited to cases in which the accusation was without the sanction of a bar association or of some responsible public officer. It appears here that the charge against Danford was authorized by the Los Angeles Bar Association, and was prosecuted by attorneys directed by that body to act in the matter.

We have no doubt that the facts alleged show a violation of appellant's oath and of his duties as an attorney (Code Civ. Proc., sec. 282). The relation between attorney and client is "a fiduciary relation of the very highest character, and binds the attorney to most conscientious fidelity—*uberrima fides.*" (*Cox* v. *Delmas,* 99 Cal. 104, 123, [33 Pac. 836].) It is one which precludes the attorney from obtaining any personal advantage by abusing the confidence reposed in him by his client. (*In re Burris,* 101 Cal. 624, [36 Pac. 101].) The allegation here is that the accused, by means of a misrepresentation, induced his client to pay him a large sum for services which he was not, and knew that he was not, in a position to perform. This was a plain breach of the obligation of fidelity imposed upon him by the law and by the employment which he accepted.

The contention that the finding of guilt is contrary to the evidence cannot prevail. The testimony of the accused and her witnesses supports every material allegation of the complaint. It is true that the testimony introduced by the appellant contradicted the accuser in various particulars, but

the resulting conflict was, as we have so often said, one to be determined in the trial court. It cannot be said that the representation that Danford was entitled to practice in a federal court was not material. Ordinarily, an attorney licensed to practice in all the courts of a state, as Danford has been, will, on motion and showing of good moral character, be admitted to the bar of the various inferior federal courts. The admission may, in a sense, be regarded as a merely formal matter. It was not so, however, in this instance, for the record shows that when a motion was made in the district court to have the appellant admitted to practice there, an objection to his admission was interposed, and action upon the motion was indefinitely deferred.

At the close of the trial, the accused requested the court to make written findings of fact and conclusions of law. This the court declined to do, and its refusal is assigned as error. We find no statutory provision requiring findings in a case of the character of the one before us. Written findings were not required under the common-law practice, and are necessary only where a statute so provides. Sections 632 and 633 of the Code of Civil Procedure, which declare that the decision must be in writing and that the facts found and the conclusions of law must be separately stated, are included in title VIII of part II of said code. Part II is entitled "Civil Actions." The requirement of findings, with some other details of procedure found in part II, applies only to civil actions and to those special proceedings (for example, matters of probate, Code Civ. Proc., sec. 1713) to which such provisions are specially made applicable. (*Lyons* v. *Marcher*, 119 Cal. 382, [51 Pac. 559].) Proceedings on an accusation against an attorney are prescribed by sections 287 to 297 of the Code of Civil Procedure. These sections outline a complete scheme, covering the details of charge, process, plea, trial, and judgment. Section 295 authorizes an oral denial of the accusation, without oath. The procedure is in almost all respects dissimilar to that provided for civil actions, and, as it makes no mention of findings, there is no reason for holding that the legislature intended to import the need of findings into it. This court has uniformly treated disbarment proceedings as peculiar to themselves, and governed exclusively by the code sections specifically covering them. Thus, it has

held that the statute of limitations applicable to civil or criminal applications is no bar (*Ex parte Tyler*, 107 Cal. 78, [40 Pac. 33]) ; that the accused is not entitled to a jury trial (*In re Wharton*, 114 Cal. 376, [55 Am. St. Rep. 72, 46 Pac. 172]), and that the accuser has no right to an appeal. (*In re Thompson*, (Cal.), 45 Pac. 1034.)

The transcript contains a copy of a purported notice of intention to move to vacate the judgment, on the ground that the judge presiding was not a citizen of the United States. This is followed by copies of affidavits and exhibits relied on by appellant to establish the ground of his motion. In like manner appear counter affidavits and an order striking said notice of motion with its accompanying affidavits and exhibits from the file. The appellant assigns the refusal to vacate the judgment and the order striking out as error. His point cannot receive favorable attention for two reasons: 1. The motion to vacate the judgment is not a part of the judgment-roll and can be brought before this court for consideration only when the papers used on the motion, and the action of the court, are authenticated by a bill of exceptions (*Herrlich v. McDonald*, 80 Cal. 472, [22 Pac. 299] ; *Melde v. Reynolds*, 120 Cal. 234, [52 Pac. 491] ; *Bank v. Goodsell*, 137 Cal. 420, [70 Pac. 299] ; *Skinner v. Horn*, 144 Cal. 278, [77 Pac. 904]). In the record before us there is no authentication by means of such bill, or otherwise; 2. The motion was, on its face, without merit. The fact, if it had been a fact, that the judge presiding at the trial was an alien and therefore ineligible, made him none the less a *de facto* officer. His right to hold the office could be questioned only in proceedings regularly instituted for that purpose. It could not be attacked collaterally by motion to set aside his official acts. (*People v. Sassovich*, 29 Cal. 480; *People v. Hecht*, 105 Cal. 621, [45 Am. St. Rep. 96, 38 Pac. 941].)

No other points are made by appellant.

The judgment and order are affirmed.

Shaw, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.