[L. A. No. 270. Department One.—December 20, 1897.]

## S. LYONS et al., Appellants, v. F. A. MARCHER et ux., Respondents.

PROCEEDINGS IN AID OF EXECUTION—FINDINGS NOT REQUIRED.—Proceedings in aid of execution are only a summary method of purging the debtor's conscience, and compelling the disclosure of any property he may have which is subject to execution; and it is not incumbent upon the court to make express findings in special proceedings of this character, and the action of the court cannot be reversed for want of such findings.

APPEAL from an order of the Superior Court of Los Angeles County dismissing proceedings in aid of execution. J. W. McKinley, Judge.

The facts are stated in the opinion.

Knight & Harpham, and Jones & Newby, for Appellants.

Walter Rose, and L. H. Valentine, for Respondents.

HAYNES, C.—Proceedings in aid of execution. Appellants obtained judgment against Mrs. C. A. Marcher for nine hundred and twenty-seven dollars and forty-nine cents in January, 1895, and an execution was duly issued thereon, and in January, 1896, while the execution was in the hands of the sheriff, and before its return, S. Lyons made an affidavit pursuant to sections 715 and 717 of the Code of Civil Procedure, reciting the judgment and issuance of the execution, and alleging that C. A. Marcher had property which she unjustly refused to apply toward the satisfaction of the judgment; that F. A. Marcher had property belonging to the judgment debtor exceeding fifty dollars, to wit, ten thousand dollars, or over, and was indebted to her in an amount exceeding fifty dollars, and also similar allegations as to A. E. Marcher.

An order for the examination of these persons was made and served, an examination had, and, after argument, the court denied appellants' application for an order requiring the persons cited to turn over property, and dismissed the citation; and from that order this appeal is taken.

The examination of the several persons cited is brought up in a bill of exceptions.

A point made for reversal is that findings were not waived, and none were made.

Appellants contend that such proceeding is a trial, and written findings should have been made, and cite sections 632 and 633 of the Code of Civil Procedure, and *McCullough v. Clark*, 41 Cal. 302.

The code sections above named are in that part relating to the trial of civil actions, and not to special proceedings. In *McCullough v. Clark, supra*, it was said of this proceeding: "It is only a summary method of purging the debtor's conscience and compelling the disclosure of any property he may have which is subject to execution. . . . . . It is true there are no formal issues framed; for in the very nature of the proceeding it would generally be impossible to frame specific issues in advance of the examination of the judgment debtor."

On appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the order appealed from, and of papers used on the hearing in the court below. (Code Civ. Proc., sec. 951.) There is here no mention of findings, nor of a judgment-roll, which includes the findings. Where the matter is heard upon oral evidence exceptions to decisions after judgment may be preserved by a bill thereof. (Code Civ. Proc., sec. 651.)

In *Miller v. Lux*, 100 Cal. 613, which was an appeal from an order settling certain accounts rendered by executors, it was said: "While in such a proceeding it is not incumbent upon the court to make and file express findings, still, when the account is assailed in any particular for matters not appearing on its face, the court may properly make express findings upon such issues."

As it is not incumbent upon the court to make express findings in special proceedings of the character here under consideration, appellants' point cannot be sustained.

We advise that the order appealed from be affirmed.

Searls, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Garoutte, J., Harrison, J., McFarland, J.