[Civ. No. 22218.   First Dist., Div. Two.   Aug. 16, 1965.]

E. A. TALIAFERRO, Cross-complainant and Appellant, v. WILLIAM H. HOOGS, Cross-defendant and Respondent.

Eugene A. Taliaferro in pro. per., for Cross-complainant and Appellant.

William H. Hoogs, in pro. per., and Frisbie & Hoogs for Cross-defendant and Respondent.

TAYLOR, J.—This is an appeal by Eugene A. Taliaferro from a judgment dated March 17, 1964, dismissing his cross-complaint as to respondent Hoogs. The dismissal was based on appellant's failure to provide security pursuant to the so-called vexatious litigant statute (Title 3A, Code Civ. Proc.,

§§ 391-391.6). In this case of first impression, appellant argues that the judgment of dismissal must be reversed because: (1) the statute adopted in 1963 (Stats. 1963, ch. 1471, § 1) is unconstitutional, and (2) even if constitutional, there was no evidence that he was a vexatious litigant as defined by the statute.

This is another episode in what was denominated in *Taliaferro* v. *Riddle,* 182 Cal.App.2d 235, 236 [5 Cal.Rptr. 874], as "the litigious history of appellant's disputes with his former wife," Dorothy Davis, who divorced him in 1944. This particular episode is one of the series related to Mrs. Davis' attempt to recover moneys accrued and unpaid pursuant to the provisions of the property settlement agreement[1] and relates in particular to the Hardison funds. The facts are not in dispute. The action was originally filed in the municipal court by plaintiff Landisman who held $360 belonging to Mrs. Hardison and interpleaded appellant and his former wife, alleging that each claimed the Hardison money. The cross-complaint filed June 20, 1961, named as cross-defendants Mrs. Hardison,[2] appellant's former wife, and her attorney of record, respondent Hoogs, and sought extensive damages occasioned by the alleged conspiracy of the cross-defendants to withhold sums due to appellant from Mrs. Hardison. Thereafter, on August 9, 1961, the matter (municipal court No. 16836) was transferred to the superior court (superior court No. 82821).

Title 3A of the Code of Civil Procedure, sections 391-391.6 relating to vexatious litigants provides as follows:

Section 391: "As used in this title, the following terms have the following meanings:

"(a) 'Litigation' means any civil action or proceeding, commenced, maintained or pending in any court of this State.

"(b) 'Vexatious litigant' means any person:

"(1) Who, in the immediately preceding seven-year period has commenced, prosecuted or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to him; or (ii) un-

---

[1]See *Taliaferro* v. *Davis,* 216 Cal.App.2d 398 [31 Cal.Rptr. 164], and *Taliaferro* v. *Taliaferro,* 200 Cal.App.2d 190 [19 Cal.Rptr. 220], for a list of some of the prior proceedings.

[2]The judgment of dismissal as to Mrs. Hardison was affirmed by this court (Division Three) in *Taliaferro* v. *Hoogs* (Aug. 1963) 219 Cal.App.2d 559 [33 Cal.Rptr. 415].

justifiably permitted to remain pending at least two years without having been brought to trial or hearing; or

"(2) Who, after a litigation has been finally determined against him, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of such determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by such final determination against the same defendant or defendants as to whom the litigation was finally determined.

"(c) 'Security' means cash, undertaking by a surety, or other security, of such nature and in such amount as may be fixed by the court, to assure payment, to the party for whose benefit such security is required to be furnished, of such party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

"(d) 'Plaintiff' means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained.

"(e) 'Defendant' means a person (including corporation, association, partnership and firm) against whom a litigation is brought or maintained or sought to be brought or maintained."

Section 391.1: "In any litigation, at any time within 30 days after service of summons or other and equivalent process upon him, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

Section 391.2: "At the hearing upon such motion the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion. No determination made by the court in determining or ruling upon the motion shall be or be deemed to be a determination of any issue in the litigation or of the merits thereof."

Section 391.3: "If, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that he will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of

such moving defendant, security of such nature, in such amount, and within such time, as the court shall fix. The amount of such security may thereafter from time to time be increased or decreased in the court's discretion upon a showing that the security provided has or may become inadequate or excessive.''

Section 391.4: ''When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished.''

Section 391.5: ''Upon the termination of the litigation the defendant shall have recourse to the security in such amount as the court shall determine.''

Section 391.6: ''When a motion pursuant to Section 391.1 is filed the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof.''

Respondent's affidavits in support of his motion (Code Civ. Proc., § 391.1) filed on October 23, 1963, alleged that all of the matters raised by appellant's cross-complaint had already been determined in the many prior actions between the parties as listed and further alleged that because of the many actions (both past and pending), considerable research respecting the concluded and pending actions would be necessary, and requested that appellant be required to make a security deposit of at least $750. On December 30, 1963, after hearing, the court found appellant to be a vexatious litigant and ordered him to furnish security of $500 cash or a $1,000 personal surety undertaking by January 17, 1964 (Code Civ. Proc., §§ 391.2, 391.3). Appellant did not comply with any part of the order for security or file any counter-affidavit, and after a hearing the motion to dismiss was granted on March 17, 1964, pursuant to section 391.4, quoted above.

Appellant contends that the vexatious litigant statute is unconstitutional on several grounds. Preliminarily, we note that we must approach this question with all of the usual presumptions and intendments in favor of constitutionality (*Patton* v. *La Bree,* 60 Cal.2d 606 [35 Cal.Rptr. 622, 387 P.2d 398]). All doubts must be resolved in favor of the statute (*Jorgensen* v. *Cranston,* 211 Cal.App.2d 292 [27 Cal.Rptr. 297]).

The vexatious litigant statute was enacted at the suggestion

of the State Bar following a suggestion of the District Court of Appeal in *Stafford* v. *Russell*, 201 Cal.App.2d 719 [20 Cal. Rptr. 112]; 38 State Bar J., 489; 38 State Bar J., 663, 664. The statute is patterned after section 834 of the Corporations Code which provides, so far as relevant, that within 30 days after service of summons in a stockholder's derivative suit, the corporation or any defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish security for attorney fees and litigation expenses on the ground that there is no reasonable probability that the prosecution of the cause of action against the moving party will benefit the corporation or its security holders. The Corporations Code provisions for hearing and determination by the court of the amount of security required are similar to sections 391.1-391.3 of the Code of Civil Procedure, and section 834, subdivision (b), of the Corporations Code is identical in language to section 391.2 of the Code of Civil Procedure in stating that a determination as to the furnishing of security is not a determination of the merits of any issue in the action.

The constitutionality of section 834 of the Corporations Code was challenged in *Beyerbach* v. *Juno Oil Co.*, 42 Cal.2d 11 [265 P.2d 1], on grounds of the equal protection clause of the federal Constitution (Amend. XIV, § 1) and the provisions of the state Constitution against special laws (art. IV, § 25) and special privileges and immunities (art. I, § 21).[3] The Supreme Court, in ruling the statute constitutional, relied on *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528]. The *Cohen* case upheld the constitutionality of a similar New Jersey statute, and held that the New Jersey statute applied to a non-federally based cause of action in the federal courts, even though Rule 23 of the Federal Rules of Civil Procedure made no security requirement for stockholder's derivative actions (*Neuwirth* v. *Namm-Loeser's, Inc.* (D.C.E.D.N.Y. 1958) 161 F. Supp. 828). In *Cohen*, at page 550, the court noted that a state has plenary power over shareholder litigation as the corporation is a creature of the state. ▋ Likewise, here, a state has the plenary power to provide the terms on which it will permit litigation in its courts (*Cohen* v. *Beneficial Industrial Loan Corp., supra*, at p. 552).

---

[3]The test for determining the validity of a statute where a claim is made that it unlawfully discriminates against any class is substantially the same under the state prohibitions against special legislation and the equal protection clause of the federal Constitution (*Werner* v. *Southern Cal. etc. Newspapers*, 35 Cal.2d 121, 131 [216 P.2d 825, 13 A.L.R.2d 252]).

Our Supreme Court in *Beyerbach, supra,* said at page 19: "The unconstitutional discrimination exists, says plaintiff, because section 834 requires plaintiff to furnish security for defendants' expenses if the trial court finds that there is no reasonable probability that the corporation will benefit from the derivative action, but does not contain a comparable provision requiring the corporation to post security for plaintiff's expenses if the trial court finds a probability that the corporation will benefit. This is not a denial of equal protection. As was pointed out in *Hogan* v. *Ingold* (1952) *supra,* 38 Cal.2d 802, 812, 'If the power of the state over this type of fiduciary litigation is plenary, as the *Cohen* case states [*Cohen* v. *Beneficial Industrial Loan Corp.* (1949), *supra,* 337 U.S. 541, 551], then surely such litigation is subject to regulation of the type provided by section 834. . . . The stockholder will not incur any liability for costs if he does not essay to bring in equity a suit in the corporation's right. If he does bring such a suit he knows that he [like all others in his class] will be subject to the regulating provisions of the statute.' "

Appellant here argues that section 391, subdivisions (b)(1)(2), of the Code of Civil Procedure unlawfully discriminates against litigants proceeding in propria persona. However, as we have pointed out above, a state may set the terms on which it will permit litigation in its courts. The restriction of section 391, subdivisions (b)(1)(2), to persons proceeding in propria persona is not arbitrary or unreasonable. Attorneys are governed by prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions not applicable to litigants in propria persona. There is no constitutional requirement of uniform treatment of all persons but only that there be a reasonable basis for each classification (*Bilyeu* v. *State Employees' Retirement System,* 58 Cal.2d 618 [24 Cal.Rptr. 562, 375 P.2d 442]). A statute which applies to all of a single class of persons equally is not a grant of special privilege or immunity in violation of section 21 of article I of the state Constitution, if the classification is not arbitrary, and is based on some difference in the classes having substantial relation to the purpose of the legislation (*Professional Fire Fighters, Inc.* v. *City of Los Angeles,* 60 Cal.2d 276 [32 Cal.Rptr. 830, 384 P.2d 158]).

Nor can appellant successfully argue that the statute unconstitutionally discriminates against a group of litigants who are too poor to afford attorneys. In *Beyerbach, supra,* it

was argued that the statute unconstitutionally discriminated against poor stockholders who are unable to furnish the required security. The court pointed out at page 20 that if this argument were accepted, any statute which required the payment of a fee or the furnishing of security as a prerequisite to the filing of a complaint, the issuance or levying of a writ, or the procurement of a record on appeal, etc., would be unconstitutional.

The holding in the *Cohen* case, *supra,* forecloses any contention that the statute here in question is unconstitutional as a deprivation of due process of law. The court said at pages 551 and 552: ''In considering whether the statute offends the Due Process Clause we can judge it only by its own terms, for it has had no interpretation or application as yet. It imposes liability and requires security for 'the *reasonable* expenses, including counsel fees, which may be incurred' (emphasis supplied) by the corporation and by other parties defendant. *The amount of security is subject to increase if the progress of the litigation reveals that it is inadequate, or to decrease if it is proved to be excessive.* A state may set the terms on which it will permit litigations in its courts. No type of litigation is more susceptible of regulation than that of a fiduciary nature. And it cannot seriously be said that a state makes such *unreasonable* use of its power as to violate the Constitution when it provides liability and security for payment of *reasonable* expenses if a litigation of this character is adjudged to be unsustainable. It is urged that such a requirement will foreclose resort by most stockholders to the only available judicial remedy for the protection of their rights. Of course, to require security for the payment of any kind of costs, or the necessity for bearing any kind of expense of litigation, has a deterring effect. But we deal with power, not wisdom; and we think, notwithstanding this tendency, it is within the power of a state to close its courts to this type of litigation if the condition of reasonable security is not met.'' (Italics added.)

*Vinnicombe* v. *State of California,* 172 Cal.App.2d 54 [341 P.2d 705], is in point. In that case, this court upheld the constitutionality of section 16047 of the Government Code, which requires an undertaking to secure payment of costs and *reasonable* attorney fees where the plaintiff fails to secure a judgment in an action against the state. We pointed out (at p. 58) that a provision protecting the state against the costs and expenses of defending unfounded and baseless claims

was reasonable and applied equally to all plaintiffs similarly situated.

■ Appellant argues that the language of section 391.1 et seq. of the Code of Civil Procedure is so vague that it fails to meet the constitutional requirements of certainty. He particularly addresses this contention to the portion of section 391.3 that provides "there is no reasonable probability that he will prevail," arguing that the words "reasonable probability" are fatally uncertain. We cannot agree. As indicated above, the similar language of section 834 of the Corporations Code was approved by our Supreme Court in *Beyerbach* v. *Juno Oil Co., supra.*

■ Appellant contends that the statute unconstitutionally deprives him of his right to a jury trial. In section 391 we are concerned with a special proceeding. The constitutional guarantee of a jury trial (art. I, § 7) does not extend to cases in which the right was denied at common law[4] (*Estate of Dolbeer*, 153 Cal. 652 [96 P. 266, 15 Ann.Cas. 207]; *People* v. *Richardson*, 138 Cal.App. 404 [32 P.2d 433]), and a jury cannot be demanded as a matter of right in a special proceeding unless it is expressly made available by statute (*People* v. *Willey*, 128 Cal.App.2d 148 [275 P.2d 522]; *Estate of Dorn*, 69 Cal.App. 413 [231 P. 346]). ■ Furthermore, there is nothing in the record of the instant case to show that appellant demanded a jury trial and failure to do so constitutes a waiver under section 631 of the Code of Civil Procedure.

Appellant's argument that the statute is fatally defective because adopted by a Legislature elected from districts unconstitutionally apportioned is frivolous and without authority.

Appellant's contention that respondent's motion was not supported by any evidence produced at the hearing is clearly without merit. Respondent's lengthy and detailed affidavit related more than enough of the required litigations to bring appellant within the definition of a vexatious litigant under section 391, subdivisions (1) and (2) of the Code of Civil Procedure and appellant failed to present any counter-affidavits or to include the transcript of the proceedings as part of the record on appeal.[5]

---

[4] Historically, the power to enjoin vexatious litigation was an equitable one (1 Am.Jur.2d, Actions, § 56) so it can be argued independently that no jury would be available on that ground (*Matter of Coburn*, 165 Cal. 202 [131 P. 352]).

[5] The trial court could also take judicial notice of the many prior proceedings had before it and before the appellate courts of this state

Appellant urges that the court erred in not making findings. Findings are not required in special proceedings unless the particular statute so provides (Code Civ. Proc.,§ 632; *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 10 Cal.2d 307 [74 P.2d 761]; *Adoption of Pitcher,* 103 Cal.App.2d 859 [230 P.2d 449]; *Lyons* v. *Marcher,* 119 Cal. 382 [51 P. 559], or on order made after granting a motion (*Perez* v. *Perez,* 111 Cal.App.2d 827, 829 [245 P.2d 344]).

Judgment affirmed.

Shoemaker, P. J., and Agee, J., concurred.