Filed 11/15/22  Caron v. Cal. State Board of Pharmacy CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| CRAYA C. CARON, | D079386 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2019-00022267-CU-WM-NC) |
| CALIFORNIA STATE BOARD OF PHARMACY, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas, III, Judge.  Affirmed.

Craya C. Caron, in pro. per. for Plaintiff and Appellant.

Rob Bonta, Attorney General, Carl W. Sonne, Assistant Attorney General, Gregory J. Salute and Stephen A. Aronis, Deputy Attorneys General, for Defendant and Respondent.


I

INTRODUCTION

Proceeding in propria persona, Craya Caron filed a petition for writ of administrative mandamus to compel the California State Board of Pharmacy

(hereafter, the Board) to vacate its decision revoking Caron's pharmacist license. In response, the Board moved to declare Caron a vexatious litigant and require her to furnish $15,000 security (Code Civ. Proc., §§ 391, subd. (b)(1), 391.1).[1] The trial court issued a minute order granting the Board's motion and ordering Caron to furnish $15,000 security. It also issued a prefiling order prohibiting Caron from filing new litigation in propria person without prior judicial approval (§ 391.7)—an order we affirmed in *Caron v. Cal. State Bd. of Pharmacy* (Sept. 18, 2020, D076660) [nonpub. opn.] (*Caron*). Ultimately, Caron did not furnish $15,000 security. Therefore, the trial court entered a judgment of dismissal in favor of the Board.

Caron appeals the judgment of dismissal and challenges the minute order requiring her to furnish $15,000 security. In particular, she attacks the trial court's finding that she is a vexatious litigant, its finding that there is not a reasonable probability she will prevail in her mandamus action, the amount of the security requirement, and the constitutionality of the vexatious litigant statutes. Further, she challenges a trial court order denying her request to set aside the minute order and the prefiling order under section 473, subdivision (b).

We reject Caron's arguments and affirm the judgment of dismissal.

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

II

BACKGROUND[2]

A. *Background to the Prior Appeal*

The following factual background is taken from this court's prior opinion in *Caron, supra*, D076660.

"The Board issued Caron a pharmacist license in 1976. In 2017, the Board ordered Caron to submit to a psychological examination, which she did. The psychotherapist who performed the examination 'diagnosed [Caron] with a delusional disorder,' which the therapist opined 'seriously impacts [Caron's] ability to practice pharmacy in a safe manner.'

"Based on the results of the psychological examination, the Board's executive officer commenced a proceeding before the Board seeking to suspend or revoke Caron's license. A state administrative law judge (ALJ) conducted a two-day hearing in October and November 2018 (in Riverside and Orange Counties, respectively). In December 2018, the ALJ issued a proposed decision revoking Caron's license. The Board adopted the ALJ's proposed decision, and later denied Caron's petition for reconsideration. The Board's decision became effective March 17, 2019.

---

[2] Caron includes a statement of the case in her opening brief, but does not provide citations to the record for the facts discussed therein. " 'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*.' [Citation.] We have the discretion to disregard contentions unsupported by proper page cites to the record." (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970; see also Cal. Rules of Court, rule 8.204(a)(1)(C).) Although Caron is a self-represented litigant, she is not exempt from these rules. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We exercise our discretion to disregard Caron's unsupported statement of the case.

"About six weeks later, Caron filed in propria persona a petition for writ of administrative mandamus in the San Diego County Superior Court seeking to compel the Board to vacate its decision.

"The Board responded to Caron's petition by moving to (1) declare her a vexatious litigant, (2) require her to furnish $15,000 security as a condition of proceeding with her petition, and (3) dismiss the petition if Caron failed to furnish the required security. The Board did not seek a prefiling order prohibiting Caron from filing any new litigation without first obtaining leave of court. The Board's notice of motion specified a hearing date of July 26, 2019.

"The Board argued in its motion that Caron was a vexatious litigant because she had 'filed five or more lawsuits that have been finally determined adversely against [her] within the last seven years.' (§ 391, subd. (b)(1) [defining a vexatious litigant to include a person who '[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations ... that have been ... finally determined adversely to the person'].) The Board requested that the trial court take judicial notice of the final orders or opinions in the following 21 legal matters commenced by Caron in propria persona:

> '1. September 5, 2013, California Court of Appeal, Fourth Appellate District—Petition for writ of mandate from Case No. 30-2012-00544810 DENIED, Caron v. Orange County Superior Court: Select Portfolio Inc., Real Party in Interest, Case No. G048679;
>
> '2. December 9, 2013, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2012-00544810 DISMISSED, Caron v. Select Portfolio Servicing, Inc., Case No. G048754;
>
> '3. January 16, 2014, Orange County Superior Court—case DISMISSED based on plaintiff's request for voluntary

4

dismissal, Caron v. CVS Pharmacy, Beach Garfield LLC, Case No. 30-2013-00658577 (voluntary dismissals count—see *Tokerud v. Capitol Bank Sacramento* (1995) 38 Cal.App.4th 775, 779);

'4. November 12, 2014, Ninth Circuit Court of Appeals—petition for writ of mandamus DENIED, Caron v. United States District Court, Central District, CVS Pharmacy, Real Party in Interest, Case No. 14-72765;

'5. April 10, 2015, California Court of Appeal, Fourth Appellate District—Petition for writ of mandate/prohibition from Case No. 30-2012-00544810 DENIED, Caron v. Orange County Superior Court; TD Service Company, Real Party in Interest, Case No. G051714;

'6. May 12, 2015, Ninth Circuit Court of Appeals, appeal DENIED, Caron v. CVS Pharmacy, Inc., and CVS Rx Services, Inc., Case No. 15-55632;

'7. May 29, 2015, Orange County Superior Court, Judgment of Dismissal in favor of Defendant TD Service Company, without leave to amend, Caron v. Select Portfolio Servicing, Inc., et al., Case No. 30-2012-00544810;

'8. June 26, 2015, Orange County Superior Court, Judgment of Dismissal in favor of Defendant PNC Bank, without leave to amend, Caron v. PNC Bank., Case No. 30-2015-00775577;

'9. May 10, 2016, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2015-00775577 DISMISSED, Caron v. PNC Bank, Case No. G053268;

'10. May 31, 2016, California Court of Appeal, Fourth Appellate District—Motion to vacate the dismissal and reinstate the appeal DENIED, Caron v. PNC Bank, Case No. G053268;

'11. July 15, 2016, California Court of Appeal, Fourth Appellate District—Appeal from Case No. 30-2012-00544810 DISMISSED, Caron v. TD Service Company, Case No. G053257;

'12. August 8, 2016, California Court of Appeal, Fourth Appellate District—petition for writ of mandate DENIED,

5

Caron v. Superior Court, Lonnie Tiner, Real Party in Interest, Case No. E066516;

'13. April 3, 2017, California Court of Appeal, Fourth Appellate District—Order Dismissing Appeal, Caron v. Fletcher Jones Motor Cars Inc., Case No. G054648;

'14. May 10, 2017, [ ] San Bernardino Superior Court—Notice of Entry of Judgment in favor of Defendants, Caron v. Lonnie W. Tiner, DDS, et. al., Case No. CIVDS1518292;

'15. June 1, 2017, [ ] California Court of Appeal, Fourth Appellate District—Order Dismissing Petition for writ of mandate, Caron v. Fletcher Jones Motor Cars Inc., Case No. G055017;

'16. June 9, 2017, United States District Court, Central District of California—Dismissal granted in favor of defendant Fletcher Jones as to all federal law claims, with prejudice, and as to all state-law claims, without prejudice to Caron advancing those in state court, Caron v. Fletcher Jones Motor Cars, Inc., et. al., Case No. 8:17-cv-565 JLS JDE;

'17. June 22, 2017, California Court of Appeal, Fourth Appellate District—petition for writ of mandate DENIED, Caron v. Superior Court, Lonnie Tiner, Real Party in Interest, Case No. E068367;

'18. September 18, 2017, Orange County Superior Court, Judgments of Dismissal in favor of defendants Fletcher Jones, and Mercedes-Benz USA, LLC, with prejudice and without leave to amend, Caron v. Fletcher Jones Motor Cars Inc., Case No. 30-2016-00840325;

'19. March 23, 2018, Ninth Circuit Court of Appeals, Appeal from Case No. 8:17-cv-565 JLS JDE—Memorandum affirming dismissal on behalf of Fletcher Jones, Caron v. Fletcher Jones Motor Cars. Inc., et. al., Case No. 17-55963;

'20. June 18, 2018 docket entry indicating the case was deemed closed on June 7, 2018, United States District Court, Central District of California—Order[s] denying IFP status[,] ... dismissing proposed class-action lawsuit, and dismissing a lawsuit without prejudice, Caron v. Virginia H[e]rold, Case No. EDVC 18-1194-R (KK);

6

'21. October 15, 2018, California Court of Appeal, Fourth Appellate District, both appeals from Case No. CIVDS1518292, and consolidated—Judgment for defendants affirmed, <u>Caron</u> v. <u>Christopher K. Tiner, et. al.</u>, Case No. E066128[;] <u>Caron</u> v. <u>Estate of Lonnie W. Tiner, et. al.</u>, Case No. E086673." (Bolding omitted.)

"Caron opposed the Board's motion on several grounds. Most relevant here, she argued the record showed she had 'filed only three litigations since 2012, NOT "21" ' (underlining omitted), because multiple entries on the Board's request for judicial notice arose within a single lawsuit, or were not ' "current litigation" ' because they were 'filed and adjudicated many years prior to 2012.'

"The Board argued in reply that all 21 matters identified on the request for judicial notice qualified Caron as a vexatious litigant because each was a separate 'litigation' that was determined adversely to her during the relevant seven-year window.

"On July 25, 2019, the day before the noticed hearing on the Board's motion, the trial court issued a one-sentence tentative ruling stating: 'The parties are ordered to show cause as to why this case should not be transferred to the Riverside Superior Court.'

"On July 26, the Board appeared at the hearing and filed a response to the trial court's venue inquiry. The Board argued venue was proper in San Diego because the underlying Board action originated there, the ALJ who heard the case was from the San Diego branch of the Office of Administrative Hearings, and the Board's counsel worked in the San Diego branch of the Attorney General's office. The Board submitted emails exchanged between its counsel and Caron indicating Caron selected San Diego as the venue.

"The July 26 hearing was not reported. The trial court's minute order indicates the Board appeared through counsel, and 'Caron, self-represented

7

Petitioner, is not present.'   After hearing argument from the Board's counsel, the court stated in the minute order that it was 'satisfied [that] the case should not be transferred.'

"As to the merits, the court granted the Board's motion.  As stated in the minute order, the court found the requirement of five adverse determinations in the preceding seven years was satisfied because '[m]ultiple separate appeals or writs arising out of multiple orders or judgments within the same case qualify as separate litigations' for vexatious-litigant purposes. Although the court found the threshold satisfied, the court concluded the Board had established that only 13 of the 21 litigations qualified because eight of them appeared to be summary denials of writ petitions, which do not necessarily constitute final adverse determinations.

"As to the qualifying matters, the minute order states:

> 'The following litigations, at a minimum, constitute litigations that have been finally determined adversely to Petitioner:
>
> '1. Caron v. Select Portfolio Servicing, Inc. et al., Fourth District Court of Appeal, Division 3 case no. G048754. Appeal dismissed as of December 9, 2013 for failure to pay statutory filing fee and deposit costs for preparation of record, remittitur issued February 10, 2014.
>
> '2. Caron v. CVS Pharmacy, Beach Garfield LLC, Orange County Superior Court case no. 30-2013-00658577-CL JR-CJC.  Request for voluntary dismissal of complaint granted as of January 16, 2014.
>
> '3. Caron v. Select Portfolio Servicing, Inc. et al., Orange County Superior Court case no. 30-2012-00544810. Defendant's demurrer to complaint sustained without leave to amend and judgment of dismissal in favor of TD Service Company entered on May 29, 2015.
>
> '4. Caron v. PNC Bank, Orange County Superior Court case no. 30-2015-00775577-CU-OR-CJC.  Defendant's demurrer to complaint sustained without leave to amend and

8

judgment of dismissal in favor of PNC Bank National Association entered on June 26, 2015.

'5. <u>Caron</u> v. <u>PNC Bank National Association</u>, Fourth District Court of Appeal, Division 3 case no. G053268. Appeal dismissed as of May 10, 2016 as untimely, remittitur issued July 12, 2016.

'6. <u>Caron</u> v. <u>TD Service Company</u>, Fourth District Court of Appeal, Division 3 case no. G053257. Appeal dismissed as of July 15, 2016 for failure to file brief, remittitur issued September 21, 2016.

'7. <u>Caron</u> v. <u>Fletcher Jones Motors Cars Inc. et al.</u>, Fourth District Court of Appeal, Division 3 case No. G054648. Appeal dismissed as of April 3, 2017 due to nonappealable order.

'8. <u>Caron</u> v. <u>Tiner et al.</u>, San Bernardino Superior Court case No. CIVDS1518292. Defendants' motion for summary judgment granted and judgment in favor of Defendants entered on April 21, 2017.

'9. <u>Caron</u> v. <u>Fletcher Jones Motor Cars, Inc. et al.</u>, United States District Court, Central District case No. 8:17-cv-565-JLS-JDEx. Federal law claims dismissed with prejudice in favor of Defendant Fletcher Jones on June 9, 2017.

'10. <u>Caron</u> v. <u>Fletcher Jones Motor Cars, Inc.</u>, Orange County Superior Court case No. 30-2016-00840325. Defendant's demurrer to complaint sustained without leave to amend and judgment of dismissal in favor of Defendant Fletcher Jones Motor Cars, Inc. entered on September 18, 2017.

'11. <u>Caron</u> v. <u>Fletcher Jones Motor Cars, Inc. et al.</u>, Ninth Circuit Court of Appeals case No. 8:17-cv-00565-JLS-JDE. Appeal denied March 23, 2018.

'12. <u>Caron</u> v. <u>H[e]rold</u>, United States District Court, Central District case No. EDVC 18-1194-R (KK). Complaint dismissed on June 7, 2018.

'13. <u>Caron</u> v. <u>Tiner et al.</u>, Fourth District Court of Appeal, Division 2 case Nos. E066128 and E086673. Appeals denied on October 15, 2018.'

9

"The trial court also found the Board had 'met its initial burden of establishing that there is not a reasonable probability that [Caron] will prevail in this writ proceeding.'

"Accordingly, the court in its July 26 minute order declared Caron a vexatious litigant and ordered her to furnish $15,000 security by August 15, 2019.

"The same day it entered its minute order, the trial court—apparently on its own motion—also entered a 'prefiling order' prohibiting Caron 'from filing any new litigation' in propria persona 'in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.' The court directed the clerk to provide a copy of the prefiling order to the Judicial Council.

"The Board sent Caron a notice of ruling attaching both the minute order and the prefiling order.

"On August 1, Caron filed a response to the trial court's July 25 inquiry regarding venue. Caron stated that although she had elected to file her petition in San Diego County, she had no objection to the case being transferred to Riverside County.

"On August 20, the Board's counsel sent a letter to the trial court requesting that the court dismiss the action because Caron had failed to furnish the required security by the August 15 deadline. Before the court could act on the Board's request, Caron filed a notice of appeal identifying and attaching the minute order, but also attaching (though not identifying) the prefiling order. The trial court thereafter responded to the Board that the court was 'unable to act as requested' because the 'case is on [a]ppeal.' " (*Caron, supra*, D076660, footnotes omitted.)

10

B. *The Prior Appeal*

On appeal from the minute order and the prefiling order, the Board moved our court to limit the scope of the parties' appellate briefing. The Board argued briefing should be limited to the prefiling order, since it was an appealable injunction. According to the Board, the minute order was not properly before us and should not be briefed because it was not an appealable order and judgment had not been entered. For the most part, we accepted these arguments. Therefore, we directed the parties to limit their briefing to the prefiling order and the single underlying finding upon which the prefiling order was based—the finding that Caron was a vexatious litigant.

On September 18, 2020, we affirmed the prefiling order. (*Caron, supra*, D076660.) In our opinion affirming the prefiling order, we rejected numerous procedural, substantive, and constitutional challenges to the prefiling order and the trial court's finding that Caron is a vexatious litigant. (*Ibid.*)

C. *Proceedings Following the Prior Appeal*

On December 29, 2020, Caron moved the trial court to set aside the prefiling order and the minute order under section 473, subdivision (b). She argued the prefiling order and the minute order should be set aside based on her mistaken failure to appear at the noticed hearing on July 26, 2019. She stated she did not appear at the hearing because: (1) she calendared the hearing for the wrong date; and (2) the trial court's issuance of an order to show cause on July 25 caused her to mistakenly believe it had deferred consideration of the Board's vexatious litigant motion until it determined the venue for the case.

The Board opposed Caron's set-aside motion. It argued the motion should be denied because: (1) it was untimely, as it was not filed within 60 days of the issuance of the minute order or the pretrial order (see § 473,

subd. (b)); and (2) Caron was estopped from relitigating issues that were previously decided in *Caron, supra*, D076660, including the trial court's finding that she is a vexatious litigant, the constitutionality of the vexatious litigant statutes, and the validity of the prefiling order.

The parties presented oral argument concerning Caron's set-aside motion on April 28. The Board appeared telephonically through counsel and Caron made a self-represented telephonic appearance. The April 28 hearing was not reported.

On June 16, the trial court denied Caron's set-aside motion. It ruled Caron was "barred from challenging [the] court's finding" that she is a vexatious litigant because, in *Caron, supra*, D076660, our court "reviewed the vexatious finding, and found it was proper."

The trial court found Caron's motion was untimely insofar as it sought to set aside the $15,000 security requirement, given that the motion was not filed within six months of the issuance of the minute order imposing the $15,000 security requirement.

Finally, the court found the motion failed on the merits. It reasoned a party's "failure to adequately oppose a motion or appear for oral argument does not warrant discretionary relief" under section 473. Further, the court stated it had considered Caron's written opposition to the Board's vexatious litigant motion. According to the court, it granted the Board's motion "on its merits, after opposition was filed"—not based on Caron's failure to appear at the hearing.

After denying Caron's motion to set aside the prefiling order and the minute order, the court dismissed her petition for writ of administrative mandamus for failure to furnish $15,000 security. The court entered a judgment of dismissal for the Board.

12

On August 13, 2021, Caron filed her notice of appeal from the judgment of dismissal.[3]  Because Caron was found to be a vexatious litigant subject to a prefiling order, she was required to apply—and did apply—for permission to file the present appeal.  (§ 391.7, subd. (c).)  The undersigned granted Caron's application.  (*Id.*, subd. (b).)

III

DISCUSSION

A. *Vexatious Litigant Statutes*

"The vexatious litigant statutes (§§ 391–391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants."  (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*); see *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220–221 [the vexatious litigant statutes curb the misuse of the court system by litigants who proceed in propria persona and repeatedly relitigate the same issues, which " 'not only wastes court time and resources, but also prejudices other parties waiting their turn before the courts' "].)

A "vexatious litigant" refers to a "person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against

---

[3]    Five months after entry of the judgment of dismissal, and four months after Caron filed her notice of appeal, Caron applied for a waiver of court fees to prepare transcripts from the administrative proceedings that culminated in the revocation of her pharmacist license.  The trial court denied the fee waiver application.  In her opening brief, Caron "objects" to the order denying her fee waiver application.  However, Caron's August 13, 2021 notice of appeal predated the fee waiver order and Caron did not file a separate notice of appeal from the fee waiver order.  Thus, the order denying Caron's fee waiver application falls outside the scope of this appeal.

13

him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Shalant*, *supra,* 51 Cal.4th at pp. 1169–1170.) Under the first of these criteria, a person may be deemed vexatious if, in the immediately preceding seven-year period, he or she "has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).)

The vexatious litigant statutes grant courts and nonvexatious litigants "two distinct and complementary sets of remedies" to address the pernicious problem of vexatious litigants. (*Shalant*, *supra,* 51 Cal.4th at p. 1171.) First, a defendant may move the court to require the plaintiff to furnish security on grounds that the plaintiff: (1) is a vexatious litigant, and (2) has no reasonable probability of prevailing against the moving defendant. (§ 391.1; *Shalant*, *supra,* 51 Cal.4th at p. 1170.) "If, after a hearing, the court finds for the defendant on these points, it must order the plaintiff to furnish security 'in such amount and within such time as the court shall fix.' (§ 391.3.)" (*Shalant*, at p. 1170.) For purposes of the vexatious litigant statutes, " '[s]ecurity' means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant." (§ 391, subd. (c).) "The plaintiff's failure to furnish [the] security is grounds for dismissal. (§ 391.4.)" (*Shalant*, at p. 1170; see *Luckett v. Keylee* (2007) 147

14

Cal.App.4th 919, 924 ["If the security is not posted, the action will be dismissed."].)

Second, "the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."[4] (§ 391.7, subd. (a).) Unlike the security requirement, a court may issue a prefiling order irrespective of whether the vexatious litigant has a reasonable probability of prevailing in the case presently before the court. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1348.) A prefiling order is a "powerful … tool designed 'to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs.' " (*Shalant, supra*, 51 Cal.4th at p. 1170.)

B. *The Trial Court Properly Required Caron to Furnish $15,000 Security and Dismissed Her Case for Failure to Furnish Security*

As noted, the trial court issued a minute order requiring Caron to furnish $15,000 security. It imposed the security requirement after finding: (1) Caron is a vexatious litigant, as defined by section 391, subdivision (b)(1); and (2) there was not a reasonable probability she would prevail on her petition for writ of administrative mandamus. Caron challenges the security requirement on several grounds.

1. *Caron Waived Her Challenge to the Vexatious Litigant Finding*

At the outset, Caron challenges the security requirement—and the dismissal of her case for failure to furnish security—on grounds that she is not a vexatious litigant. She claims the court erred in declaring her a

---

4 "The presiding justice or presiding judge shall permit the filing of [the proposed] litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).)

vexatious litigant because she was not properly served in this case with "detailed documents" pertaining to all of the lawsuits that were resolved against her within the last seven years (§ 391, subd. (b)(1)). According to Caron, these service defects precluded her from adequately opposing the Board's motion to declare her a vexatious litigant.

We can quickly dispose of Caron's argument. It is Caron's burden, as the appellant, to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Caron has not satisfied her burden. She has not supported her generalized claims of insufficient service with pertinent legal authorities or proper citations to the record, nor has she specifically identified the "detailed documents" she purportedly failed to receive. Given the absence of any cogent legal argument, supporting legal authorities, or proper citations to the record, we deem Caron's claim of error based on insufficient service waived.[5] (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived."].)

2. *The Trial Court Did Not Err When It Found There Was No Reasonable Probability Caron Would Prevail*

Caron also challenges the trial court's finding that there was no reasonable probability she would prevail in her mandamus proceeding. She claims the court erred in two respects: (1) it did not articulate *why* she lacked a reasonable probability of prevailing; and (2) it did not identify the *legal standard* it used to assess her likelihood of prevailing.

---

[5] Because we deem Caron's claim of error waived, it is unnecessary for us to determine whether our affirmance of the prefiling order in *Caron* precludes her from challenging the trial court's vexatious litigant finding under the law of the case doctrine (discussed more fully *infra*).

16

With respect to the first claim of error, Caron has not established that the court was under a duty to expound upon its finding that she had no reasonable probability of success. "There are instances where the Legislature has mandated that a trial court express its reasons or factual determinations on the record. However, these situations are rare …. [They] are the exceptions to the general rule that findings of fact are not required in connection with law and motion matters." (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1272; see also *Beckett v. Kaynar Mfg. Co.* (1958) 49 Cal.2d 695, 699 ["There is no necessity to make findings on an order made after a motion has been ruled upon."]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 9:251, p. 9(I)-145 ["With a few exceptions [citation], findings of fact are *not* required in connection with law and motion rulings."].) Caron provides no legal authority or cogent argument indicating a vexatious litigant proceeding is one of the uncommon situations in which a court must identify the reasons or factual findings supporting its law and motion ruling. Thus, she has failed to demonstrate that the absence of detailed factual findings or determinations was erroneous.

Caron's second claim of error fares no better. "[A] court's 'failure to "discuss" a particular standard does not imply it applied an incorrect standard. Error on appeal must be affirmatively shown by the record, and "[w]e presume the trial court knew and properly applied the law absent evidence to the contrary." ' " (*People v. Johnson & Johnson* (2022) 77 Cal.App.5th 295, 322, quoting *J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 644; see *Committee for Responsible Planning v. City of Indian Wells* (1989) 209 Cal.App.3d 1005, 1011 [appellant did not show that the trial court applied wrong legal standard where minute order did "not state the court's reasons"

17

for its ruling].)  Caron makes no showing that the court applied the wrong legal standard.  In the absence of such a showing, we apply the presumption of correctness and assume the court applied the correct legal standard.

In addition to raising these two claims of error, Caron argues—without further analysis or legal authority—that our court, "[a]t minimum … needs to review the entirety" of her petition for writ of administrative mandamus and determine—presumably by reference to the administrative record—whether the trial court erred in finding that there was no reasonable probability she would prevail.  She is mistaken.  " 'It is neither practical nor appropriate for [a reviewing court] to comb the record on [an appellant's] behalf.' " (*City of Lomita v. City of Torrance* (1983) 148 Cal.App.3d 1062, 1069; see *Howard v. American National Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 534 ["It is not our place to comb the record seeking support for assertions parties fail to substantiate."].)  Thus, we decline Caron's invitation to scour the appellate record on her behalf in search of reversible error.

3. *The Trial Court Properly Set the Security Amount at $15,000*

Next, Caron challenges the amount of the $15,000 security requirement.  Although her argument is somewhat difficult to discern, she appears to argue that a security of any amount would be improper because the Board has not incurred, or cannot incur, reasonable expenses defending itself in the mandamus proceeding she initiated.  According to Caron, the Board has no reasonable or readily-identifiable defense expenses because it is represented by the Office of the Attorney General, a taxpayer-supported government agency.  Caron's argument is without merit.

Together with the Board's motion to declare Caron a vexatious litigant and require her to post $15,000 security, the Board filed a declaration from the deputy attorney general who represents the Board in this proceeding.  He

18

averred the Office of the Attorney General bills the Board $170 per hour for his legal services.[6] He described the legal services rendered and estimated he needed to spend 100 hours working on the case. Multiplying his hourly rate by the number of hours spent performing legal services, he estimated the Board would incur $17,000 in attorney fees alone, a figure that did not include costs for the preparation of the administrative record. In light of this showing, the court did not err in requiring Caron to furnish $15,000 security—an amount lower than the Board's estimated legal defense expenses—to assure payment of the Board's reasonable expenses. (See *Angelier v. State Bd. of Pharmacy* (1997) 58 Cal.App.4th 592, 599–602 [affirming award of attorney fees and other reasonable costs to Board in proceeding to revoke pharmacy license].)

   4. *The Vexatious Litigant Statutes are Constitutional*

   Caron asserts a scattershot of constitutional challenges to the vexatious litigant statutes, including the provision permitting a court to require a vexatious litigant to furnish security. She claims the vexatious litigant statutes: (1) impermissibly burden indigent plaintiffs' access to the court system and their ability to obtain redress from the government; (2) violate

---

[6]  Government Code section 11044 contemplates that the Attorney General may charge state agencies for legal services rendered. It provides: "For state agencies, departments, or programs that are charged for the costs of legal services rendered by the Attorney General, the Attorney General shall charge an amount sufficient to recover the costs incurred in providing the legal services. These funds shall be deposited into the Legal Services Revolving Fund." (Gov. Code, § 11044, subd. (b).)

equal protection by discriminating against self-represented litigants; and (3) violate due process because they are unconstitutionally vague.[7]

In her prior appeal from the prefiling order, Caron argued that the vexatious litigant statutes unconstitutionally burden indigent litigants' access to the court system and their ability to petition the government for redress. We rejected this assertion in *Caron, supra*, D076660. Under the law of the case doctrine, " ' "the decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' " (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1505.) "The doctrine promotes finality by preventing relitigation of issues previously decided." (*Ibid.*) Under the law of the case doctrine, Caron cannot use this appeal to litigate the same question of constitutional law again.

Law of the case doctrine aside, there is no merit to Caron's contention that the vexatious litigation statutes impermissibly burden indigent litigants' access to the court system or their right to petition the government for redress. (See *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 59 ["the vexatious litigant statute does not impermissibly 'chill' the right to petition"]; *Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 527 (*Taliaferro*) ["Nor can appellant successfully argue that the [vexatious litigant] statute unconstitutionally discriminates against a group of litigants who are too poor to afford attorneys."]; see also *Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1126 ["the California vexatious litigant statute does not deprive [a litigant] of

---

7       On the issue of vagueness, Caron argues the statutory definition of a "vexatious litigant" does "not provide … any form of notice … that a pro se litigant *might* be in danger of violating the standard."

20

the opportunity to vindicate a fundamental right in court"] (*Wolfe*); accord *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786 [rejecting argument that vexatious litigant statute discriminates against litigants of "modest means"].)

We are not convinced by Caron's claim that the vexatious litigant statutes violate equal protection principles either. "Frequent pro se litigants are not a suspect class meriting strict scrutiny. A state can rationally distinguish litigants who sue and lose often, sue the same people for the same thing after they have lost, and so on, from other litigants." (*Wolfe, supra*, 486 F.3d at p. 1126, fn. omitted; see *Muller v. Tanner* (1969) 2 Cal.App.3d 445, 453 (*Muller*) ["the classification of persons to whom the [vexatious litigant] statute applies, and the terms imposed are reasonable"]; *Taliaferro, supra*, 236 Cal.App.2d at p. 527 ["The restriction of section 391, subdivisions (b)(1) [&] (2), to persons proceeding in propria persona is not arbitrary or unreasonable."].)

Finally, the vexatious litigant statutes, including their definition of the term "vexatious litigant," are sufficiently definite to survive Caron's due process-based vagueness challenge. (*Muller, supra*, 2 Cal.App.3d at p. 451 [rejecting claim that statutory definition of "vexatious litigant" in section 391, subdivision (b)(1) was "uncertain, ambiguous, vague, indefinite, unintelligible and too broad" in 45 different ways]; see *Wolfe, supra*, 486 F.3d at p. 1125 ["The California vexatious litigant statute is not unconstitutionally vague, because it 'give[s] "fair notice to those who might violate the statute." ' "].)

In short, we reach the same conclusion numerous courts before us have reached: "[t]he vexatious litigant statutes are constitutional." (*Childs v. PaineWebber Inc.* (1994) 29 Cal.App.4th 982, 993; see *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170 ["The vexatious litigant statutes … have been

upheld as constitutional."]; *Wolfe, supra*, 486 F.3d at p. 1125 ["A long line of California decisions upholds [the vexatious litigant] statutory scheme against constitutional challenges …. [¶] We see no reason to disagree with them."].)

C. *The Trial Court Properly Denied Caron's Set-Aside Motion*

After we issued *Caron, supra*, D076660, Caron moved the trial court to set aside the minute order and the prefiling order under section 473, subdivision (b). She argued the orders should be set aside because the trial court supposedly issued them based on her inadvertent failure to appear at the noticed hearing on July 26, 2019.

The trial court denied Caron's set-aside motion for three reasons: (1) our court's affirmance of the vexatious litigant finding in *Caron, supra*, D076660 precluded relitigation of the same finding on remand; (2) Caron's request to set aside the security requirement was untimely because she did not file her request until more than six months after the minute order was issued (see § 473, subd. (b)); and (3) the court granted the Board's vexatious litigant motion on the merits after considering Caron's arguments in opposition—not based on Caron's failure to appear at the July 26 hearing.

Section 473, subdivision (b) provides in relevant part as follows: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." "A motion to vacate under section 473[,] [subdivision] (b) ' " 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse … the exercise of that discretion will not be disturbed on appeal.' " ' " (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929.) "Where ' "a party fails to show that a judgment [or order] has been taken against him through his mistake, inadvertence,

surprise or excusable neglect the court may not grant relief. It has no discretion." ' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423 (*Huh*).)

We accept the trial court's third stated reason for denying the set-aside motion and therefore discern no abuse of discretion.[8]  In short, Caron did not establish that the minute order and the prefiling order were taken against her based on any mistake, inadvertence, surprise or excusable neglect on her part.  Rather, as the trial court explained, it granted the Board's vexatious litigant motion and issued the challenged orders after considering Caron's timely-filed opposition brief—i.e., it made its rulings on the merits.  Indeed, the minute order adjudicates several substantive legal issues discussed in the Board's vexatious litigant motion without ascribing any apparent significance to Caron's failure to appear at the July 26 hearing.

Because the orders at issue were not taken against Caron based on mistake, inadvertence, surprise, or excusable neglect, the trial court properly denied Caron's motion for relief.  (See *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 684 [relief unwarranted under section 473, subdivision (b), because there was "not a default but rather a motion lost, on its merits, after opposition was filed"]; see also *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1413 [" 'any alleged ignorance of legal matters or failure to properly represent himself can hardly constitute "mistake, inadvertence, surprise or excusable neglect" as those terms are used in section 473' "]; accord *Huh, supra,* 158 Cal.App.4th at p. 1424 ["Discretionary relief [under section 473] need not be granted for 'errors by [counsel] … in failing to calendar and appear' at a hearing."].)

---

8    Given our conclusion, we need not address the court's other two stated reasons for denying Caron's motion for relief under section 473.

23

IV

DISPOSITION

The judgment of dismissal is affirmed. Respondent is entitled to its costs on appeal.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


IRION, J.